IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

       v.                                  09-cr-42-bbc-01

GEOFFREY BARR OYLER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     A hearing on the probation office's petition for judicial review of Geoffrey Barr Oyler's supervised release was held on May 20, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney David J. Reinhard. Defendant was present in person and by counsel, Michael W. Lieberman. Also present was Senior United States Probation Officer Helen Healy Raatz.

     From the record I make the following findings of fact.

## FACTS

     Defendant was sentenced in the District of Minnesota on March 21, 2006, following his conviction for uttering counterfeit obligations, in violation of 18 U.S.C. § 471. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on May 19, 2008. On March 19, 2009, jurisdiction was transferred from the District of Minnesota to the Western District of Wisconsin.

Defendant violated Standard Condition No. 1, prohibiting him from leaving the judicial district without permission, when he traveled on April 11, 2009 to the Eastern District of Wisconsin without prior approval. He violated Standard Condition No. 3, requiring him to answer truthfully all inquires by the probation officer, when he told his supervising officer on May 11, 2009 that he was voluntarily changing methadone clinics because of geography, when he knew that this statement was not true. He violated Standard Condition No. 11, requiring him to report police contact to his probation officer within 72 hours, when he failed to report an April 9, 2009 police contact.

Defendant violated a mandatory condition and Special Condition (d), requiring participation in substance abuse treatment and testing, when he missed drug testing sessions on July 2, 2009, September 10, 2008 and December 26, 2008. He missed treatment sessions on September 16, November 11, December 16 and December 23, 2008. He missed additional treatment sessions on March 23 and May 4, 2009. On February 19, 2009, defendant tampered with a drug test when he hid a bottle of clean urine strapped to his body. On February 20, 2009, he provided a urine specimen that tested positive for opiates.

Defendant's conduct falls into the category of Grade C violations. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the

2

conditions of release.

CONCLUSIONS

Over the course of eleven months, defendant violated five conditions of supervision. The accumulation of violations warrant revocation of supervision. Defendant's drug addiction is the basis for his violations. His addiction leads him to deceptive and questionable behavior. He has participated in substance abuse treatment and testing but his deceptive practices continue. Accordingly, the 36-month term of supervised release imposed on defendant on March 21, 2006 will be revoked.

Defendant's criminal history category is II. With Grade C violations, defendant has an advisory guideline range of imprisonment of 4 to 10 months. The statutory maximum to which he can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

A custody sentence in the middle of the advisory guideline range, paired with a residential treatment placement upon release, will serve to protect the community from further criminal behavior and provide defendant an opportunity for inpatient treatment.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 21, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 6 months. An 18-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of the following special condition:

> Defendant shall spend up to 120 days in a residential reentry center, specifically Schwert House, 3501 Kipling Drive, Madison, Wisconsin, with admission upon the first available vacancy. The first 28 days shall be spent in inpatient treatment. Thereafter, defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 21st day of May 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
Chief District Judge

4