IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                                      ORDER

          v.                                                              09-cr-42-bbc-1

GEOFFREY BARR OYLER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Geoffrey Barr Oyler's supervised release was held on March 16, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney David J. Reinhard. Defendant was present in person and by counsel Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the District of Minnesota on March 21, 2006, following his conviction for uttering counterfeit obligations, in violation of 18 U.S.C. § 471. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow. On March 19, 2009, jurisdiction was transferred from the District of

Minnesota to the Western District of Wisconsin.

Defendant began his initial term of supervised release on May 19, 2008, when he was released from Rock Valley Community Programs.

On May 20, 2009, defendant's three-year term of supervised release was revoked upon findings of technical violations, including leaving the district without permission, failure to report police contact, lying to the probation office, noncompliance with substance abuse treatment, as shown by positive drug tests, and tampering with drug tests. Defendant was sentenced to six months' custody, to be followed by 18 months' supervised release. Special Condition No. 7 was imposed, requiring defendant to complete a 120-day residential reentry center placement at Schwert House in Madison, Wisconsin.

On November 12, 2009, defendant began his second term of supervised release. On December 28, 2009, he began the residential re-entry center placement.

On February 23, 2010, defendant violated Special Condition No. 7, requiring participation in a residential re-entry center program, when his placement was terminated in response to numerous incident reports.

Defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Although defendant completed less than two months of the four-month residential

re-entry center placement imposed to provide him with a treatment opportunity, he completed the 30-day inpatient drug treatment program and has remained drug free for ten months. It is true that he has failed to take full advantage of Schwert House programs and has been non-compliant with some of the rules and policies. Nevertheless, I believe that he can still benefit from another opportunity in the program. He has been in jail for three weeks awaiting a hearing on his violations of supervised release. This time in custody should have impressed on him the necessity and wisdom of observing the rules and regulations at Schwert House if he is placed there again.

## ORDER

IT IS ORDERED that defendant Geoffrey Oyler's term of supervised release is modified by adding Special Condition No. 7, requiring completion of a 90-day residential re-entry center placement at Schwert House in Madison, Wisconsin, with admission upon the first available vacancy. While awaiting admission, defendant is to reside with his mother.

Entered this 16th day of March 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge