IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                 Plaintiff,                                      ORDER

       v.                                             09-cr-42-bbc-01

GEOFFREY BARR OYLER,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Geoffrey Barr Oyler's supervised release was held on March 8, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney David J. Reinhard. Defendant was present in person and by counsel Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the District of Minnesota on March 21, 2006, following his conviction for a Class C felony, uttering counterfeit obligations, in violation of 18 U.S.C. § 471. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow. On March 19, 2009, jurisdiction was transferred from the District of Minnesota to the Western District of Wisconsin.

Defendant began his initial term of supervised release on May 19, 2008, when he was released from Rock Valley Community Programs. On May 21, 2009, defendant's three-year term of supervised release was revoked after he was found to have committed technical violations, including leaving the district without permission, failure to report police contact, lying to the probation office, noncompliance with substance abuse treatment, positive drug tests and tampering with drug tests. Defendant was sentenced to six months' custody followed by 18 months' supervised release, and Special Condition No. 7 was added requiring him to complete a 120-day residential reentry center placement at Schwert House in Madison, Wisconsin.

On November 12, 2009, defendant began his second term of supervised release. On December 28, 2009, he began his residential reentry center placement. On February 23, 2010, defendant violated Special Condition No. 7, requiring participation in a residential reentry center placement, when his placement was terminated after he had accumulated numerous incident reports. On March 16, 2010, a hearing on judicial review was held and defendant was continued on supervised release and ordered to complete a 90-day placement at Schwert House.

In June 2010, defendant drank to excess, and on June 30, 2010, his conditions were modified to include a condition prohibiting the use of alcohol and a condition requiring home curfew.

On October 26, 2010, defendant's conditions were modified to include GPS monitoring because he relapsed on prescription drugs.

In January 2011, defendant violated Special Condition (a), prohibiting him from committing new crimes, when he stole up to 30 prescription benzodiazepine pills from his mother. He violated this condition again in February 2011, when he obtained and consumed a prescription opiate pill from another addict. On February 25, 2011, defendant violated Special Condition (d), requiring participation in a program for drug abuse, when he was discharged from inpatient treatment because he engaged in manipulative behavior.

Defendant's most serious conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon the finding of a Grade A violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's second term of supervised release has been replete with incidents of noncompliant behavior. He completed less than half of the four-month residential reentry center placement imposed to provide him with a treatment opportunity. He drank to excess and was in jeopardy of losing his job, which led to the imposition of a home curfew. He relapsed on prescription drugs and then violated rules at a methadone clinic. He stole drugs from his mother and he secured illegal drugs from an addict. He manipulated treatment staff and medical personnel to provide him extra pain medication. Defendant failed to take full advantage of any treatment programs provided to him.

Defendant's criminal history category is II. With a Grade A violation, defendant has

an advisory guideline term of imprisonment of 15 to 21 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the statutory maximum. A 24-month custody sentence is necessary to protect the community and provide defendant an opportunity for participation in the Bureau of Prisons' 500-hour treatment program.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 20, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. No supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 8th day of March 2011.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge